UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN ALBERT CASTEEL,

        Plaintiff,

  v.

ADAM J LUCHT, et al,

        Defendants.

Case No. 23-cv-0473-bhl

**ORDER DENYING MOTION FOR RECONSIDERATION TO APPOINT COUNSEL**

      On March 9, 2023, *pro se* Plaintiff John Casteel filed a complaint in Kenosha County Circuit Court alleging defendants violated the First and Fourteenth Amendments as well as various Wisconsin State statutes. (ECF No. 6-2.) Defendant Pauline Toulouse removed the case to this court on April 11, 2023. (ECF No. 6.) Several defendants then moved to dismiss Casteel's complaint. (ECF Nos. 11, 17, 21.) On April 19, 2023, Casteel moved to appoint counsel, which the Court denied on April 20, 2023. (ECF Nos. 25 & 28.) Casteel has since moved for an extension of time to respond to Defendants' motions, a motion the Court granted in part, giving him an additional 30 days to file his response brief. (ECF No. 31.) Casteel has now filed a motion for reconsideration of the Court's prior denial of his motion for appointment of counsel. (ECF No. 33.) Because Casteel still appears competent to litigate his claims, his motion for reconsideration will be denied.

      As the Court explained in its prior order, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. §1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (citing *Henderson v. Ghosh*, 755 F.3d 599, 564 (7th Cir. 2014) (per curiam)). And "deciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson*, 755 F.3d at 564 (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). The Court is to ask whether (1) an "indigent plaintiff made a reasonable attempt to obtain counsel or

been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). Casteel has already satisfied the first prong of this inquiry. (*See* ECF No. 28.) The second prong "requires consideration of both the factual and legal complexity of the plaintiff's claims and the competence of the plaintiff to litigate those claims." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021).

When evaluating a plaintiff's ability to litigate his case, "the court should consider any available relevant evidence." *Eagan*, 987 F.3d at 682. In Casteel's original motion, he said that he has a mental disability that prevents him from "perform[ing] functions necessary to litigate this civil action on his own." (ECF No. 25 at 4.) In his motion for reconsideration, he attaches a clinical note dated May 23, 1997 completed by psychologist Alexander C. Stolarski, and a psychological services report from 2014 signed by another psychologist, Saari Matas. (ECF No. 33-1.) Both reports plainly emphasize Casteel's long struggle with mental illness. But neither support Casteel's claim that he has a mental disability which hinders his ability to litigate his claim. In *Eagan*, the plaintiff emphasized his prescribed psychotropic medications altered his mind and hampered his ability to pursue his claims and attached forty-five pages of mental health documentation as proof. *Eagan*, 987 F.3d at 684, 686. And, as the Court highlighted in its previous Order, Casteel himself also admits that he can "follow certain legal guideline books and/or manuals relat[ing] to motion procedures" and that he has "stud[ied] other legal materials." (ECF No. 25 at 4.) He is also an experienced litigator, having filed several cases in this Court alone. *See Walker v. Price*, 900 F.3d 933, 936 (7th Cir. 2018). On this record, Casteel has not shown a need for appointed counsel.

Finally, the Court reminds Casteel that nothing in this Order is meant to preclude Casteel from establishing facts entitling him to court-appointed counsel in the future. If this case proceeds past the pleading stage, where the complexity of litigation increases, he may be able to establish facts entitling him to court-appointed counsel at that time. *See Eagan*, 987 F.3d at 683. But, on this record, he has failed to make such a showing.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration to appoint counsel, ECF No. 33, is **DENIED without prejudice.**

Dated at Milwaukee, Wisconsin on May 18, 2023.

                                               s/ *Brett H. Ludwig*
                                               BRETT H. LUDWIG
                                               United States District Judge